THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONSTRUCTION WORKERS PENSION )
TRUST FUND LAKE COUNTY AND )
VICINITY, )
                                                  )    1:15-CV-8264
                   Plaintiff, )
v.                                 )    Judge Leinenweber
                                                  )
GREEN DEMOLITION CONTRACTORS, )    Magistrate Judge Valdez
INC., an Illinois Corporation, )
)
                   Defendant. )

## MOTION FOR JUDGMENT FOR ATTORNEY'S FEES AND RECOVERY OF AUDITOR'S COSTS

Plaintiff, Construction Workers Pension Trust Fund Lake County and Vicinity, brings this motion to recover attorney's fees and auditor's charges from Defendant, Green Demolition Contractors, Inc., an Illinois Corporation, pursuant to FED. R. CIV. P. 54(d) and the provisions of a collective bargaining agreement enforceable under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185(a).

1)    On September 21, 2015, Plaintiff filed the instant action under ERISA, 29 U.S.C. §§ 502(a)(3), 502(g)(2), and 515 to compel Defendant to submit to an audit of its books and records. On February 4, 2016, Plaintiff filed a Request for the Production of Documents pursuant to FED. R. CIV. P. 34.

2)    The Defendant's failure to cooperate with the audit led to the filing of the

-1-

instant suit. Attached as Exhibit 1 is a history of the communications between fund administrator's office and Defendant. The log shows that throughout 2014 and 2015, prior to the filing of this action, fund administrator repeatedly attempted unsuccessfully to procure from Defendant the records needed to perform the audit. The fund administrator's log is a record of communications kept in the ordinary course of business, and is supported by the affidavit of Regina Morey, Administrative Assistant in the Audit Department of the Fund Administrator, for the Lake County Construction Worker's Pension Trust Fund. Ms. Morey's affidavit is attached.

3) In 2015, the fund office referred the matter to Plaintiff's Counsel, Robert B. Greenberg, to seek compliance with the Fund's right to audit Defendant's records. Prior to the filing of the instant suit, on September 9, 2015, Plaintiff's Counsel sent a letter to Defendant requesting the outstanding records necessary to complete the audit. The letter is attached as Exhibit 2. Defendant failed to provide the records, or to respond to Fund Counsel's letter, and Plaintiff's Counsel subsequently filed the instant suit on September 21, 2015.

4) After the lawsuit was filed and service of summons was made, Counsel for Defendant filed their appearance, and in lieu of answer, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Only after the Court denied Defendant's motion, and only after Plaintiff served a Request for Production of Documents, did Defendant finally comply with its contractual obligation to produce the records sufficient for the audit to proceed. Defendant did not provide the requested documents to the fund

administrator until well over a year after the fund administrator requested the records for audit. After litigation, delay, and considerable expense to Plaintiff, the necessary records were produced in response to the request for production of documents, and the audit was then completed, and there was a finding of no discrepancy.

5) On May 24, 2016, Plaintiff's Counsel sent a letter to Defendant's Counsel seeking recovery of costs and attorney's fees incurred by Plaintiff as a result of Defendant's refusal to comply with the audit. Defendant's attorney refused to discuss payment, and this motion for recovery of attorney's fees and auditor's charges is filed. This correspondence is attached as Exhibit 3.

6) Plaintiff seeks from Defendant, in accordance with the terms and provisions of the Lake County Construction Workers Pension Trust Fund's Employer Contribution Delinquency Procedure, recovery of both attorney's fees and auditor's charges incurred by Plaintiff as a result of Defendant's noncompliance with the audit. The Employer Contribution Delinquency Procedure is attached as Exhibit 4. The terms of the delinquency procedure are binding and were incorporated as part of the Collective Bargaining Agreement and Trust Agreement, and are binding on the parties hereto, as Defendant has specifically acknowledged that it is party to the Collective Bargaining Agreement referred to in Plaintiff's Complaint. Section C, paragraph 5 of the collection policy states the following:

> "In the event an employer refuses to comply with a payroll audit request with the result being that a lawsuit has to be filed to enforce the Fund's right to conduct a payroll audit, then, the employer shall not only be assessed the cost of litigation and the Fund's attorney's fees, but shall also be assessed the

cost of the payroll audit without regard to the amount of any variance."

7) The instant lawsuit was filed in order to compel Defendant to comply with the auditor's requests. Under such circumstances, the above-quoted contractual language mandates that the employer pay the cost of the Fund's attorney's fees and auditor charges regardless of whether the auditors ultimately find a discrepancy. The Defendant's failure to comply with the terms of the Collective Bargaining Agreement constitutes a breach of contract actionable under section 301 of Taft-Hartley, 29 U.S.C. § 185(a). Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 667 (7th Cir. 2007).

8) Exhibits 5 and 6, attached, are Plaintiff's Counsel's billing records and the Pension Fund auditor's charges with respect to this matter.

9) That the Plaintiff Attorney's fees and costs total $7,526.70, as shown on Exhibit 5, and is supported by Plaintiff Counsel's Affidavit attached hereto.

10) That the audit costs total $2,460.00, as shown on Exhibit 6, and as supported by Regina Morey's Affidavit attached hereto.

Wherefore, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against the Defendant in the amount of $9,986.70 as and for recovery of attorney's fees, audit charges and court costs.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558

## CERTIFICATE OF SERVICE

ROBERT B. GREENBERG, being duly sworn, says that he is an Attorney associated with Asher, Gittler & D'Alba, Ltd., attorneys for Plaintiff in this action, and that he served the attached Motion upon:

**Christopher S. Hennessy, Esq.**
**Corey T. Hickman, Esq.**
**Cozen O'Connor**
**123 North Wacker Drive, Suite 1800**
**Chicago, IL 60606**

by Messenger, on the 14th day of June, 2016.

Service was accomplished pursuant to ECF as to Filing Users, and Counsel shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558